OPINION OF THE COURT

Per Curiam.

We decline the invitation to reconsider our decision of but a year ago in Matter of Chu (42 NY2d 490) in which we held that, under subdivision 4 of section 90 of the Judiciary Law, conviction of a Federal felony works an automatic disbarment in New York State of a defendant attorney. We then held that it is immaterial that there is no felony analogue under our State statutes matching the Federal felony. As we then noted, this marked a significant departure from our prior holding in Matter of Donegan (282 NY 285).
The thrust, if not the particular application, of the expressions of concern by our dissenting brothers pertains to the statutory mandate that "[a]ny person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellorat-law, or to be competent to practice law as such” (Judiciary Law, § 90, subd 4). If, as they urge, consideration should be given to the gravity of the offense and to mitigating circumstances, on principle this would seem to be equally true with respect to convictions for New York felonies. Yet, as the dissenters recognize, the validity of the concept of automatic disbarment as applied to New York felonies has long been upheld.
In Chu, for the reasons there articulated we concluded "that conviction of an attorney for criminal conduct judged by the *867 Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony is sufficient ground to invoke automatic disbarment. * * * we now perceive little or no reason for distinguishing between conviction of a Federal felony and conviction of a New York State felony as a predicate for professional discipline” (pp 493-494). Nothing has occurred in the intervening months to compel a different conclusion.
The order of the Appellate Division should be affirmed, without costs.