In the Matter of HAROLD C. HERMAN, an Attorney, Respondent. COMMITTEE ON GRIEVANCES OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 7, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr. (Michael Alan Schwartz* of counsel), attorney for petitioner.

*Raphael P. Koenig* of counsel *(Morton S. Robson* and *Howard D. Ressler* with him on the brief; *Robson & Toboroff,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent, admitted to practice by the Second Department

on April 6, 1955, was convicted upon his plea of guilty to unlawfully, willfully and knowingly engaging in activities in violation of sections 77e and 77x of title 15 of the United States Code, Federal felonies.

Petitioner moved this court for an order pursuant to subdivision 4 of section 90 of the Judiciary Law, directing that respondent's name be struck from the roll of attorneys of the State of New York. By order entered June 8, 1978, petitioner's motion was granted to the extent of appointing a Referee to conduct disciplinary proceedings.

It was this court's view that *Matter of Chu* (42 NY2d 490) could reasonably be interpreted to allow discretion in some cases for evaluation of the particular conduct involved in the offense.

*Matter of Thies* (45 NY2d 865) is quite clearly to the contrary. Accordingly, our order of June 8, 1978 is recalled and vacated, *sua sponte,* and petitioner's motion is granted to the extent of directing that respondent's name shall be stricken from the roll of attorneys and counselors at law in the State of New York pursuant to subdivision 4 of section 90 of the Judiciary Law of the State of New York.

In view of this disposition, we reconsider respondent's motion for a stay of the effect of any order of this court subjecting respondent to automatic disbarment pending any appeal to the Court of Appeals and adhere to our order of August 3, 1978 denying such relief.

FEIN, J. P., LANE, MARKEWICH, SANDLER and SULLIVAN, JJ., concur.

Order of this court entered on June 8, 1978 recalled and vacated *sua sponte* and respondent's name stricken from the roll of attorneys and counselors at law in the State of New York. In view of this disposition, we reconsider respondent's motion for a stay of the effect of any order of this court subjecting respondent to automatic disbarment pending any appeal to the Court of Appeals and adhere to our order of August 3, 1978 (M-1295) denying such relief.