In the Matter of LEONARD J. EISENBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 27, 1979

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Joel A. Brenner* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner moves for an order pursuant to section 90 of the Judiciary Law striking respondent's name from the roll of attorneys on the ground that respondent is subject to auto-

matic disbarment following a Federal felony conviction. On July 13, 1978, respondent was convicted following trial in the United States District Court for the Southern District of New York of conspiring to commit offenses against the United States and unlawfully transporting counterfeit securities in interstate commerce consisting of 90 official checks in violation of sections 2 and 2314 of title 18 of the United States Code. Respondent's conviction of a crime amounting to a Federal felony carries with it automatic disbarment pursuant to subdivision 4 of section 90 of the Judiciary Law *(Matter of Thies,* 45 NY2d 865; *Matter of Chu,* 42 NY2d 490). Contrary to respondent's contention, a hearing is unnecessary. Nor is it at all relevant that respondent has appealed the Federal conviction. In the event of reversal of that conviction, respondent is not without available remedy to move upon proper papers for his reinstatement to the Bar.

Accordingly, the application by petitioner for an order directing respondent's disbarment should be granted and the clerk directed to strike respondent's name from the roll of attorneys and counselors at law in the State of New York.

BIRNS, J. P., EVANS, FEIN, SULLIVAN and BLOOM, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors at law in the State of New York.