In the Matter of ERNEST MILCHMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 1980

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Frederick H. Block* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in the First Department on December 12, 1958. On June 22, 1977 he pleaded guilty in the United States District Court for the Southern District of New York to a charge of conspiring to violate the securities law (US Code, tit 18, § 371), a Federal felony. On September 29, 1977 he received a suspended sentence for this offense.

Upon respondent's conviction, petitioner moved to strike respondent's name from the roll of attorneys. Pursuant to *Matter of Chu* (42 NY2d 490) and *Matter of Thies* (45 NY2d 865), the motion was granted and an order of disbarment entered December 19, 1978.

Following amendment of section 90 of the Judiciary Law, respondent applied for reinstatement (Judiciary Law, § 90, subd 5, par b).

By order entered October 25, 1979 (72 AD2d 530) we granted the application to the extent of vacating the order of disbarment and suspended respondent pending reference and report (1) as to whether the acts charged in the indictment constituted a felony under New York State law and (2) whether respondent's conduct merits disciplinary action.

The Referee's report has been received. Respondent now moves for an order of reinstatement. Petitioner (cross) moves for an order confirming the report insofar as it sustains respondent's guilt of violating Federal securities laws.

The facts found by the Referee are as follows: Respondent, inexperienced in the securities field, was retained in or about July 1971 to be the attorney for the underwriter in the public offering of the common stock of Ecological Manufacturing Associates, Inc. Beyond certain compensation to be paid to the underwriter, respondent and his coconspirators agreed to pay the underwriter an additional 10% commission totaling $50,000. Subsequently, an offering circular was filed with the Securities and Exchange Commission, which did not disclose the additional compensation. Thereafter, respondent had delivered to him $50,000 in Treasury Notes in bearer form, to be divided among the underwriter, respondent and coconspirators. Respondent received $5,000 thereof as his fee when he

distributed the money. Respondent's misconduct resulted in his indictment, plea and sentence.

The Referee concluded that respondent's acts did not constitute a felony under New York law. Although observing that respondent's conduct violated the SEC's regulations, the Referee accepted respondent's claim in mitigation that only in the course of the selling campaign did he become aware that the additional compensation was not stated in the required circular so as to mislead purchasers of the security.

It was the Referee's view that respondent's behavior demonstrated a lack of principle which should not pass without sanction. The Referee recommended that an appropriate penalty would be suspension of one year to be deemed to commence December 19, 1978, the date of the order of disbarment, at the expiration of which period respondent could apply for reinstatement upon a showing that he complied with the prior orders of this court.

Respondent concedes his conduct was improper but contends it reflects at most an "inexplicable aberration." Respondent would limit our sanction to censure. Petitioner makes no specific recommendation as to penalty but asks us to consider that the offense of which respondent was convicted comes within the classification of a "serious crime" as defined in subdivision 4 of section 90 of the Judiciary Law.

We are of the opinion that respondent deserves a sanction greater than censure. His offense is a "serious crime" within the meaning of subdivision 4 of section 90 of the Judiciary Law. In any event, regardless of technical classification, respondent's conduct did not meet the high standard demanded of members of the Bar. We note that respondent is presently 51 years of age, married, has three children. During his suspension he has engaged in the real estate business, carefully avoiding any conduct which might be said to be practice of law. His affidavit discloses that he has complied in all respects with our prior orders which foreclosed any legal activities on his part.

Considering all the circumstances, a one-year suspension from December 19, 1978 is appropriate.

The Referee's report should be confirmed; respondent should be suspended for one year from December 19, 1978; and respondent's motion for reinstatement should be granted.

MURPHY, P. J., KUPFERMAN, BIRNS, LUPIANO and SILVER-MAN, JJ., concur.

Referee's report confirmed and respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year from December 19, 1978. Respondent's motion for reinstatement granted.