In the Matter of FRANCIS E. RINEHART, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 20, 1980

## APPEARANCES OF COUNSEL

*James R. Cohen* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Francis E. Rinehart,* respondent *pro se.*

## OPINION OF THE COURT

*Per Curiam.*

Respondent, admitted to practice in the Second Department on June 24, 1953, entered a plea of guilty on April 11, 1977 to one of a two-count information charging him with fraudulently filing a Federal income tax return (US Code, tit 26, § 7206, subd [1]), a Federal felony. On May 9, 1977, Judge W. ARTHUR GARRITY sentenced respondent to a one-year suspended sentence, placed him on probation for one year, and ordered the payment of a $5,000 fine.

In the course of the sentencing proceedings, Judge GARRITY commented that the dispute in respondent's criminal case was closer to being a civil dispute, that it was not a fraud case or one wherein the respondent failed to file and tried to conceal from the government the fact of his being an earner and a taxpayer.

"Here you have a case where in my view you have a stubborn taxpayer and an Internal Revenue Service that is not paid to cope with stubbornness. They are supposed to be able to collect taxes, and to do so without a fight at every inch of the way, and here, that is why I call this case a feud. It is a case in which the taxpayer has insisted upon rights which under the law he does not have, and he has disputed liabilities which perhaps should not be disputed if we were to live in a system where these tax problems were decided with a minimum of dispute * * * but I do not think this is the type of an aggravated tax case which supports a jail sentence."

In disciplinary proceedings previously commenced in Massachusetts, the hearing committee in its report to the board of overseers, expressed agreement with this evaluation. That committee went on to say: "The Committee does not believe that he engaged in conduct involving dishonesty, fraud, or deceit, but he did plead guilty to a Federal offense, and did subscribe to a joint Federal return under oath which he knew was not true and correct in every material particular." Respondent was suspended in Massachusetts from the practice of law for a period of some 10 months, and was then reinstated.

On December 7, 1978 this court was constrained to disbar respondent pursuant to *Matter of Thies* (45 NY2d 865) since the crime to which respondent pleaded guilty, although cogni-

zable as a misdemeanor in New York (Tax Law, § 376, subd 5), is a Federal felony. *(Matter of Rinehart,* 65 AD2d 63.)

Respondent moved for reinstatement pursuant to amended section 90 of the Judiciary Law (L 1979, ch 674, § 3) and on October 25, 1979 this court ordered a reference and report. *(Matter of Rinehart,* 72 AD2d 530.) The Referee, after fully reviewing the facts, respondent's background, and sanctions applied in previous cases under similar circumstances, has recommended that respondent be censured for his misconduct. Petitioner moves to confirm the Referee's report insofar as it finds that respondent was convicted of a serious crime, and to disaffirm the recommendation of censure.

In view of the fact that respondent has already been under orders of disbarment or suspension for one year and five months, which constitute more than a sufficient sanction under the circumstances, the Referee's report should be sustained, respondent's application for reinstatement granted and his name ordered restored to the roll of attorneys and counselors at law forthwith.

SANDLER, J. P., SULLIVAN, ROSS, LUPIANO and SILVERMAN, JJ., concur.

Report of Referee sustained, respondent's application for reinstatement granted, and his name restored to the roll of attorneys and counselors at law.