In the Supreme Court of Virginia Held at the Supreme Court Building in the City of Richmond on Friday, the 2nd day of November, 2001.

Drew Virgil Tidwell,                                      Appellant,

  against     Record No. 010692
            VSB Docket No. 00-000-1453

Virginia State Bar,                                      Appellee.

Upon an appeal of right from an order entered by the Virginia State Bar Disciplinary Board on the 8th day of December, 2000.

Upon consideration of the record, briefs, and argument by the appellant, in proper person, and by counsel for the appellee, the Court is of opinion there is no error in the order of the Virginia State Bar Disciplinary Board revoking appellant's license to practice law in this Commonwealth pursuant to the provisions of Part Six, § IV, Para. 13(G)(2001) of the Rules of Court (Paragraph 13(G)).

On September 3, 1999, appellant, Drew Virgil Tidwell, entered a plea of guilty in the state of New York to a class E felony, Leaving the Scene of an Incident without Reporting, New York Vehicle & Traffic Law § 600(2)(a).  At the plea hearing, the prosecutor represented to the court that Tidwell "will surrender his license to practice law immediately – immediately upon his entering this plea."  Thereafter, the court accepted the plea and entered an order of conviction.  Upon notification of Tidwell's

conviction, the Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department, entered an order striking Tidwell's name from the roll of attorneys authorized to practice law in New York state. Pursuant to New York Judiciary Law § 90(4)(a), Tidwell's disbarment was automatic on his conviction of a felony, and no additional procedures were provided under these circumstances.

Paragraph 13(G) requires that the Disciplinary Board issue an order to show cause why an attorney should not be disbarred from the practice of law in this jurisdiction when the Disciplinary Board is notified that the attorney has been disbarred from the practice of law in another jurisdiction. The rule provides only three grounds upon which an attorney, in response to a show cause order, may allege that disbarment is improper.

The Disciplinary Board received notice that Tidwell was disbarred by New York state and issued a show cause order directed to him. In response, Tidwell alleged that disbarment was improper because "the record of the proceeding in the other jurisdiction would clearly show that such proceeding was so lacking in notice or opportunity to be heard as to constitute a denial of due process." Part Six, § IV, Para. 13 (G)(1). Following a hearing, the Disciplinary Board found that Tidwell failed to show that he was denied due process and ordered that his license to practice law in this Commonwealth be revoked.

On appeal, Tidwell's primary complaint is that the Disciplinary Board erred in concluding that he failed to show that he was denied due process because he established that New York did not afford him the opportunity for notice and hearing prior to disbarment. In making this assertion, Tidwell maintains that under Paragraph 13(G), the relevant proceeding under review is the disbarment proceeding alone which, under New York law, consists of automatic disbarment upon conviction of a felony.

This construction of Paragraph 13(G) is too narrow. It is well settled that legislatures have a right to prescribe standards of practice for attorneys and may identify situations in which an attorney's misdeeds will result in automatic disbarment. See, e.g., Hawker v. New York, 170 U.S. 189, 195-96 (1898); In re Collins, 188 Cal. 701, 704-06, 206 P. 990, 991-92 (1922). Therefore, the question in this case is not whether automatic disbarment violates due process, but whether the record shows that the entire process resulting in disbarment was so flawed that it denied Tidwell due process.[*] Thus the Disciplinary Board properly considered the record of the criminal proceeding along with the disbarment proceeding in making its determination.

In considering a license revocation order of the Disciplinary Board, this Court makes an independent review of the record, giving

---

[*] Tidwell's specific assignment of error challenging the admission of the transcript of the criminal proceeding was waived because he did not object to its admission at the hearing before the Disciplinary Board.

3

the factual findings of the Disciplinary Board substantial weight and viewing them as prima facie correct. The conclusions of the Board will be sustained unless they are not justified by a reasonable view of the evidence or are contrary to the law. Blue v. Seventh Dist. Comm. of Virginia State Bar, 220 Va. 1056, 1061-62, 265 S.E.2d 753, 757 (1980).

The record clearly establishes that Tidwell was not denied notice because he had notice of the crime of which he was charged and notice that conviction of such crime would result in disbarment.

Similarly, the record shows Tidwell was not denied the opportunity to be heard. Tidwell had the right to defend against the criminal charge but he chose to plead guilty. Regardless of whether Tidwell "surrendered his license" or his license was revoked automatically, he knew that as a result of pleading guilty to the felony, he would be disbarred. Tidwell does not claim he was coerced or otherwise denied due process in connection with his guilty plea and criminal conviction. He chose to plead guilty and was fully aware of the consequences that decision would have for his law license. Furthermore, Tidwell was entitled to appeal the disbarment order to the New York Court of Appeals, which he did not do. (N.Y. Jud. Law § 90(8)).

Based on our review of the record, we hold that the Disciplinary Board did not err in concluding that Tidwell failed to satisfy his burden to show that he was denied due process because

4

the evidence before the Disciplinary Board supported a finding that the New York proceedings resulting in Tidwell's disbarment did not violate Tidwell's due process rights.

Tidwell's remaining assignments of error are without merit.

Accordingly, the order of the Virginia State Bar Disciplinary Board is affirmed.  The appellant shall pay to the appellee $30.00 damages.

This order shall be certified to the Virginia State Bar Disciplinary Board and shall be published in the Virginia Reports.

A Copy,

Teste:


David B. Beach,
Clerk