**In re Drew V. TIDWELL, Movant.**

**Drew V. Tidwell, Movant-Appellant.**

**Docket No. 01-6900.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 6, 2001.

Finally Submitted: March 14, 2002.

Decided: June 27, 2002.

Drew V. Tidwell, pro se, Amherst, NY.

Paul V. Nunes, Ronald G. Hull, Underberg & Kessler LLP, Rochester, NY, submitted a brief for the United States District Court for the Western District of New York.

Before WALKER, Chief Judge, JON O. NEWMAN, and CALABRESI, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal concerns an order of reciprocal disbarment entered by a District Court following a State Court order of disbarment that was based on a lawyer's felony conviction. Drew V. Tidwell appeals from the December 21, 2000, order of the District Court for the Western District of New York (David G. Larimer, Chief Judge), denying his motion to reconsider the District Court's October 22, 1999, order of disbarment. *In re Tidwell,* 139 F. Supp. 2d 343 (W.D.N.Y.2000). Tidwell contends that the District Court's disbarment violated the requirements of the Due Process Clause because it was entered automatically upon entry of a State Court order that was entered without notice and hearing. We conclude that, in the circumstances of this case, the federal court's disbarment did not violate due process requirements, and we therefore affirm.

## Background

In August 1999, Tidwell was driving a car that struck a cyclist who died from the injuries. Tidwell was charged with leaving the scene of an accident without reporting, in violation of N.Y. Veh. & Traf. Law § 600(2)(a) (McKinney 2002), a Class E felony. Tidwell pled guilty in the New York Supreme Court and was sentenced to serve one year in jail. During the plea colloquy, the prosecutor stated his understanding, without contradiction from Tidwell, that Tidwell would immediately surrender his license to practice law upon entering his plea. New York law requires that a member of the bar "cease to be an attorney" upon conviction of an offense classified in New York as a felony. N.Y. Jud. Law § 90(4)(a), (e) (McKinney 2002). Tidwell acknowledged to the state court judge that he understood the consequences of his plea. Tidwell was sentenced to imprisonment for one year, and served eight months.

On the day of the conviction, the State of New York Attorney Grievance Committee for the Fourth Department sent a letter to the Clerk of the Appellate Division, Fourth Department, advising that Tidwell had ceased to be an attorney "by operation of

law based upon his conviction." Two weeks after Tidwell's conviction, the Appellate Division, Fourth Department, entered an order striking his name from the roll of attorneys. *In re Tidwell*, 265 A.D.2d 941, 700 N.Y.S.2d 411 (4th Dep't 1999). This order was entered without notice to Tidwell or a hearing.

Upon receipt of that order, and in conformity with Rule 83.3 of the Local Rules of Practice of the District Court for the Western District of New York, the District Court entered an order on October 22, 1999, striking Tidwell's name from the roll of members of the bar of that Court. This order was entered without notice to Tidwell or a hearing.

Tidwell attempted to appeal the District Court's October 22 disbarment order by filing a timely notice of appeal. According to an affidavit from Tidwell's wife, she was told by personnel from the Clerk's Office of this Court that the notice of appeal, which had been forwarded to the Court of Appeals, had been returned to the District Court because, in the view of a Clerk's Office employee, the disbarment order was not appealable. Mrs. Tidwell sent her son to the Clerk's Office with a check for the docketing fee, but was unsuccessful in having Tidwell's appeal docketed.

In August 2000, after his release from prison, Tidwell filed in the District Court a motion under Fed. R. Civ. P. 60(b) to vacate the disbarment order. He explained at a hearing that he was seeking some modification of his federal court disbarment and not challenging his state court disbarment, although he contended that the absence ·of notice and hearing prior to his state court disbarment was the basis for seeking relief from the federal disbarment. He also recounted, his family's unsuccessful efforts to perfect his appeal to the Second Circuit.

In an opinion dated December 21, 2000, Chief Judge Larimer denied the motion. Initially he observed that Rule 60 could not be used as a substitute for appeal, and questioned Tidwell's claim of inability to pursue an appeal. The District Court noted the absence of documentation from the Second Circuit and considered it "incomprehensible" that an experienced attorney would· accept a rejection from court staff "without making any formal inquiry or seeking written confirmation." *In re Tidwell*, 139 F. Supp. 2d at 345. Chief Judge Larimer also ruled the motion lacking in merit, observing that even if federal court disbarment should not automatically follow state court disbarment in all circumstances, that consequence was appropriate in Tidwell's case because he had not disputed the felony conviction that was the basis for his state court conviction, or the state court disbarment order. *Id.* at 346-47.

### Discussion

The pending appeal is from the denial of Tidwell's Rule 60(b) motion to vacate his federal court disbarment. Although the grounds for such an appeal are normally quite limited, *see Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 459 (2d Cir.1994), and do not provide an occasion for asserting grounds that were available to be raised on appeal, *see Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986), we will not pause to explore the circumstances concerning Tidwell's unsuccessful attempt to appeal the District Court's disbarment order, and instead will consider the merits of Tidwell's claim that the entry of that order violated due process requirements for lack of notice and hearing, either before entry of the District Court's disbarment order or before the State Court's disbarment order.

The Supreme Court has identified three circumstances in which a federal

court should not impose reciprocal disbarment on the basis of state court disbarment: (1) absence of due process in the state procedure, (2) substantial infirmity in the proof of lack of private and professional character, or (3) "some other grave reason" sufficient to indicate that reciprocal disbarment was inconsistent with "principles of right and justice." *Selling v. Radford,* 243 U.S. 46, 50-51, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *see In re Edelstein,* 214 F.3d 127, 131 (2d Cir.2000). Whether or not due process requirements were violated by lack of notice and hearing in the Appellate Division when, under state law, Tidwell was automatically disbarred as a consequence of his felony conviction, he did not then, and does not now, dispute the factual basis for his conviction (entered upon his guilty plea) or the state disbarment consequence of that conviction. The Supreme Court itself recognized the appropriateness of reciprocal disbarment of Tidwell based on the New York disbarment when it summarily suspended him from practice before its bar, *In re Disbarment of Tidwell,* 530 U.S. 1294, 121 S.Ct. 20, 147 L.Ed.2d 1044 (2000), and, after issuing an order to show cause, entered an order of disbarment, *In re Disbarment of Tidwell,* 532 U.S. 1050, 121 S.Ct. 20, 147 L.Ed.2d 1044 (2001). *See also Tidwell v. Virginia State Bar,* 262 Va. 548, 554 S.E.2d 451 (2001) (upholding reciprocal revocation of Tidwell's law license by Virginia State Bar Disciplinary Board). *But see In re Thies,* 662 F.2d 771 (D.C.Cir. 1980) (vacating reciprocal disbarment based on New York's automatic disbar-

ment for federal felony conviction and remanding for hearing).[1]

Nor does Tidwell have any valid complaint because he did not receive notice of the Western District's disbarment or a prior hearing. In the absence of any dispute that New York was entitled to disbar him because of his uncontested felony conviction, there was no factual issue for the District Court to resolve. Tidwell has not alleged any infirmity in the proof against him, or any "grave reason" indicating that reciprocal disbarment is inconsistent with "principles of right and justice." Moreover, Tidwell received a hearing on his motion for relief under Rule 60(b), at which the District Court considered all of Tidwell's objections to the order of reciprocal disbarment. *See In re Friedman,* 51 F.3d 20, 21 (2d Cir.1995) (appellant need be granted only an "opportunity to be heard"); *cf. Batanic v. INS,* 12 F.3d 662, 667 (7th Cir.1993) (procedural error cured by holding new hearing). We need not consider whether, in some circumstances differing from Tidwell's, the Western District's Local Rule 83.3, providing for automatic federal court disbarment upon state court disbarment, would present due process issues because Chief Judge Larimer has advised this Court that the provision for automatic reciprocal discipline will be changed. *Cf.* 2d Cir. R. 46(f) (providing for reciprocal disbarment order to become effective 24 days after entry, with opportunity for motion of modification within 20 days); S.D.N.Y. & E.D.N.Y. Civ. R. 1.5 (providing notice and

---

1. Chief Judge Larimer noted that, unlike Tidwell's felony conviction for leaving the scene of an accident in which death resulted, Thies was convicted of assaulting a federal officer in circumstances characterized by the sentencing judge as a " 'kindergarten shouting and pushing match.' " *Tidwell,* 139 F. Supp. 2d at 347 n. 5 (quoting *Thies,* 662 F.2d at 772 n. 5 (quoting sentencing judge)). He also not-

ed that since Thies's disbarment and perhaps because of it, *see In re Thies,* 45 N.Y.2d 865, 867, 410 N.Y.S.2d 575, 576, 382 N.E.2d 1351 (1978) (Wachtler, Fuchsberg, Cooke, JJ., dissenting), New York limited its automatic disbarment provision for felonies to apply only to New York felonies or offenses that would be felonies under New York law. *Tidwell,* 139 F. Supp. 2d at 347 n. 5.

opportunity for hearing); D. Conn. Civ. R. 3(f) (same); D. Vt. R. 83.2(d)(2) (same).

We have considered Tidwell's remaining contentions and conclude that they all lack merit.

## Conclusion

The order of the District Court denying the motion to vacate the District Court's order of disbarment is affirmed.