**In re Winthrop Drake THIES, Appellant.**

No. 79–2218.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 10, 1980.

Decided Oct. 24, 1980.

Mark L. Perlis, Washington, D. C., for appellant.

R. Bruce Johnson, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before BAZELON, Senior Circuit Judge, MIKVA and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant was disbarred by the United States Tax Court on August 9, 1979. The court relied exclusively on appellant's 1978 automatic disbarment from the New York

---

**35.** 39 U.S.C. § 202(a) (1976).

State courts, which followed his 1976 felony conviction for assaulting a federal officer. The sole issue on this appeal is whether the Tax Court's exclusive reliance on the state disbarment was error.

In *Selling v. Radford*, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), the Supreme Court considered the effect of disbarment from state court in a federal disbarment action. The Court found that although admission to a state bar may be a predicate to admission to a federal bar, a state disbarment order does not automatically bind a federal court.[1] The Court reconciled the interest in judicial economy with the "quasi-criminal nature" of a disbarment proceeding,[2] and concluded that a state disbarment gives rise to a rebuttable presumption that an attorney lacks the "private and professional character" to remain a member of the federal bar.[3]

The federal court should give conclusive effect to this presumption of unfitness

unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1. That the state procedure from want of notice or

opportunity to be heard was wanting in due process; 2, that there was such an infirmity of proof as to facts found ... that we could not ... accept as final the conclusion on [the attorney's lack of character]; 3, that some other grave reason existed [which would make disbarment inconsistent with] principles of right and justice ....[4]

The relevant facts are undisputed. On November 22, 1976, Thies was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111 (1978).[5] This conviction was affirmed on December 5, 1977.[6] Thies was subsequently convicted of selling stolen securities,[7] but this conviction was overturned on appeal.[8] On March 13, 1978, the New York State Appellate Division disbarred Thies without a hearing on the ground that § 90(4) of the New York Judiciary Law mandated automatic disbarment upon any felony conviction. The state court initially relied on both convictions, but later amended its judgment when the second conviction was reversed.[9]

The Tax Court, without prior notice, suspended Thies from practice on April 24,

---

1. 243 U.S. at 50·51, 37 S.Ct. at 378–379.

2. *In Re Ruffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968).

3. *Selling v. Radford, supra*, 243 U.S. at 50, 37 S.Ct. at 378.

4. 243 U.S. at 51, 37 S.Ct. at 379. The *Selling* standard was reaffirmed in *In Re Ruffalo*, 390 U.S. 544, 550, 554, 88 S.Ct. 1222, 1225, 1227, 20 L.Ed.2d 117 (1968).

5. The sentencing judge characterized the incident underlying this conviction as a "kindergarten shouting and pushing match," and concluded that "a five hundred dollar fine would be sufficient punishment for Mr. Thies's fit of pique and temper...." *See* Memorandum in Support of Petitioner's Application for Reinstatement (Jan. 10, 1979), p. 6–7 (Record Document No. 10).

   The court below did not record any findings regarding this incident, and we express no view on its relevance to the appellant's fitness to practice.

6. *United States v. Thies*, No. 76–2649 (3d Cir. Dec. 5, 1977) (summary order).

7. Appellant was convicted of conspiracy to sell converted securities and of the sale of converted securities, in violation of 18 U.S.C. §§ 2, 371, 2315 (1978). This conviction followed approximately three months after the November 1976 conviction for assaulting a federal officer. The illegal arrest and subsequent scuffle which led to the first conviction grew out of the same investigation which resulted in the second conviction.

8. *United States v. Thies*, 569 F.2d 1268 (3d Cir. 1978). The court vacated the conviction on jurisdictional grounds; the prosecution failed "to establish that the sale of certain worthless bonds constituted interstate commerce," 569 F.2d at 1270. The court noted that it found the appellant's other contentions to be without merit, 569 F.2d at 1271 n.1.

9. *In re Thies*, 61 A.D.2d 1037, 403 N.Y.S.2d 53 (2d Dep't March 13, 1978), *amended*, 61 A.D.2d 1037, 403 N.Y.S.2d 53 (2d Dep't March 23, 1978), *aff'd*, 45 N.Y.2d 865, 410 N.Y.S.2d 575, 382 N.E.2d 1351 (1978), *appeal dismissed*, 441 U.S. 939, 99 S.Ct. 2154, 60 L.Ed.2d 1041 (1979).

1978, and directed him to show cause why he should not be disbarred.[10] Both the suspension and the show cause order cited only the state disbarment. The appellant requested a hearing, which was held in January 1979.[11]

Appellant contends that if the Tax Court made and relied on independent factual findings, he was denied due process because he received inadequate notice of the hearing.[12] Counsel for the appellee acknowledged that the Tax Court relied exclusively on the state disbarment. The court's order cites only the state disbarment, and contains no findings other than a bare statement that the *Selling v. Radford* criteria were satisfied.[13]

We find that, in these circumstances, the Tax Court erred in its exclusive reliance on the state disbarment. The state court did not offer appellant the procedural guarantees specified by *Selling v. Radford.*[14] No hearing was held.[15] Instead, the disbarment followed automatically upon Thies' felony conviction. Nor was the state's "conclusion on [Thies'] character" supported by recorded findings; the state made no factual findings whatsoever. Accordingly, we need not consider the third factor listed in *Selling*: whether under all of the circumstances,[16] Thies' disbarment from feder-

---

10. Joint Appendix ("J.A.") at 14–15.

11. A letter to the appellant from the Chairman of the Tax Court's Committee on Admission and Discipline accompanied the notice of the January hearing. The letter advised appellant, in pertinent part, that

> since you were admitted to practice before this Court because of being an attorney in good standing of the New York bar, it would appear that regardless of the evidence you might be able to produce at a hearing before this Court, your suspension could not be lifted and you should be disbarred because of not now possessing the qualifications required for your admission. The Committee considered it appropriate to call the matter stated to your attention so that you could, if you chose, in lieu of appearing at the hearing ... submit your written resignation from the bar of the United States Tax Court ....

Letter from Judge Irene F. Scott to Winthrop D. Thies (Dec. 18, 1978). J.A. at 25–26.

12. A lawyer facing disbarment is "entitled to procedural due process, which includes fair notice of the charge." *In Re Ruffalo*, 390 U.S. 544, 550, 88 S.Ct. 1222, 1225, 20 L.Ed.2d 117 (1968). The transcript of the appellant's hearing before the Tax Court suggests that some members of the court considered the appellant's second conviction relevant to his federal disbarment. *See* J.A. at 51, 94. Appellant contends, however, that due process barred reliance on the second conviction because neither the original suspension nor the show cause order referred to the second conviction in the "charge" of unfitness.

The suspension notice and show cause order did refer to the first conviction, but the appellant contends that Judge Scott's letter, *see* note 11 *supra*, hardly provided fair notice that the court would make independent factual findings. The appellee notes that Judge Scott sought to clarify her position when the hearing began, *see* J.A. at 32. *But cf. In Re Ruffalo*, 390 U.S.

544, 551–52, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).

13. J.A. at 6.

14. "It is not for this [c]ourt ... to sit in judgment on [New York] disbarments ...." *Theard v. United States*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); *see In Re Ruffalo*, 390 U.S. 544, 552, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (Harlan, J., concurring). All we decide is that the process which was afforded the appellant by the state court "should not be accepted as adequate for the purposes of disbarment from a federal court." *Id. Cf.* Restatement (Second) of Judgments § 68.1(c) (Tent. Draft No. 4, 1977) ("new determination of issue ... warranted by differences in quality or extensiveness of the procedures followed in the two courts....")

15. The disciplinary proceeding in the state court was brought by a notice of motion to strike appellant's name from the roll of admitted attorneys. Appellant filed affidavits in response to those submitted by the movant bar association. J.A. at 9.

These procedures may well be adequate for enforcing § 90(4) of the New York Judiciary Law. Once the appellant conceded the fact of his conviction, a hearing might have been pointless. *See generally* Jeffries & Stephan, *Defenses, Presumptions, and Burden of Proof in the Criminal Law*, 88 Yale L.J. 1329 (1979). However, before a federal court gives conclusive effect to a state court finding of unfitness to practice, it must assure itself that the individual received the due process expected in "adversary proceedings of a quasi-criminal nature." *In Re Ruffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968).

16. Appellant contends that because his conviction for selling stolen securities was vacated, it has no probative value in a disbarment action,

al court would violate principles of "right and justice."

The order of the Tax Court is vacated.[17]

---

*cf.* Restatement (Second) of Judgments § 68.-1(a) (Tent. Draft No. 1, 1973). We find no evidence that the Tax Court relied on anything other than the state disbarment, *see* p. 773 *supra*, and express no view regarding what the court may consider in any future action.

17. The August 9, 1979 order of disbarment and the April 24, 1978 suspension from practice are hereby vacated.