■ In the Matter of LEONARD W. KROUNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [759 NYS2d 402] —Per Curiam. Respondent was admitted to practice by this Court in 1973. He maintained an office for the practice of law in the City of Albany.

On February 20, 2003, respondent pleaded guilty to three felonies in Supreme Court in Albany County: insurance fraud in the third degree, a class D felony (*see* Penal Law § 176.20), grand larceny in the fourth degree, a class E felony (*see* Penal Law § 155.30 [1]), and workers' compensation fraudulent practices, a class E felony (*see* Workers' Compensation Law § 96 [1]). He was sentenced on May 12, 2003.

Respondent ceased to be an attorney and was automatically disbarred when he entered his guilty pleas to these felonies and we, therefore, grant petitioner's motion to strike respondent's name from the roll of attorneys, a formality which merely confirms respondent's disbarred status (*see* Judiciary Law § 90 [4] [a]; *Matter of Delany*, 87 NY2d 508, 512 [1996]; *Matter of Russell*, 216 AD2d 790 [1995]; *Matter of Freeman*, 134 AD2d 726 [1987]).

Mercure, J.P., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear

as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).