**Leonard W. KROUNER, Appellant**

v.

**UNITED STATES TAX COURT, Appellee.**

No. 05–1084.

United States Court of Appeals, District of Columbia Circuit.

Oct. 13, 2006.

As Amended Feb. 27, 2007.

Leonard W. Krouner, San Diego, CA, pro se.

Teresa Thomas Milton, Robert W. Metzler, Thomas J. Clark, U.S. Department of Justice, (DOJ) Tax Division, Washington, DC, for Appellee.

Before: HENDERSON, ROGERS and GRIFFITH, Circuit Judges.

*JUDGMENT*

This appeal was considered on the orders of the United States Tax Court and on the briefs by the parties. For the reasons presented in the accompanying memorandum opinion, it is

**ORDERED** AND **ADJUDGED** that the judgment of the Tax Court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

*AMENDED MEMORANDUM OPINION*

On February 20, 2003, Krouner pled guilty to three felonies: insurance fraud in the third degree, *see* N.Y. Penal Law § 176.20, grand larceny in the fourth degree, *see id.* § 155.30, and workers' compensation fraudulent practices, *see* N.Y. Workers' Compensation Law § 96. *See In re Krouner,* 305 A.D.2d 932, 932, 759 N.Y.S.2d 402 (N.Y.App.Div.2003) (per curiam). He was, apparently without being given an independent hearing, "automatically disbarred" from the practice of law in New York on the basis of these convictions. *See id.*

I.

On July 16, 2004, the Tax Court directed Krouner to show cause why he should not be suspended or disbarred from practice before the Tax Court.[1] After receiving

1. Rule 202 of the Tax Court's rules of practice and procedure, which was amended in September of 2005, *see* http://www.ustax

Krouner's written response, a hearing before a three-judge panel was held on September 14, 2004. After the hearing, Krouner was permitted to submit another brief. Krouner argued principally that (1) the Tax Court could not rely on the New York disbarment because the Supreme Court of New York, Appellate Division failed to provide him due process as it did not examine the mitigating circumstances of his various conditions, and (2) those conditions mitigate his crimes such that these convictions should not be grounds for disbarment from Tax Court practice. At the hearing, Krouner gave a somewhat incongruous account of his criminal convictions: He admitted that he pled guilty to crimes that the court described as "involv[ing] willfulness," but he described those offenses as "sort of like [ ] strict liability crime[s]" because of the interaction of certain "circumstantial evidence charges that are available in New York" and the sections of the N.Y. Penal Code under which he was charged. Krouner emphasized, however, that "I'm not trying to say [ ] that I wasn't guilty of the crimes that I pled to" and "I'm not here to say that I'm innocent of those crimes."

On October 22, 2004, the Tax Court issued its decision accompanying the disbarment order. The Tax Court treated Krouner's motion to reopen the record to consider the evidence from Krouner's Florida disciplinary proceedings in 2004 as a motion to vacate, *see* Tax Court Rule

162, and indicated that it would examine the evidence in that light. On January 27, 2005, the Tax Court, "[a]fter due consideration of the Confidential Record," denied Krouner's motions to vacate and for reconsideration.

## II.

Krouner challenges the decision of the United States Tax Court to disbar him on the grounds that he was denied due process and that the court failed to credit sufficiently the "mitigating" effect of his evidence and based its disbarment upon the erroneous conclusion that the record demonstrated that he was aware that his guilty pleas to three felonies under New York law would result in disbarment in jurisdictions outside of New York. Whether our review is for abuse of discretion, *see Tulman v. Comm. on Admissions & Grievances*, 135 F.2d 268, 268 (D.C.Cir. 1943) (per curiam); *In re Cordova–Gonzalez*, 996 F.2d 1334, 1335–36 (1st Cir.1993), or plenary, *see In re Grievance Comm. of the United States Dist. Court*, 847 F.2d 57, 61 (2d Cir.1988); *see also* 26 U.S.C. § 7482(a) (2000), we hold that Krouner's challenges fail.

First, even assuming that the "automatic" New York disbarment fails the conditions set forth in *Selling v. Radford*, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), and followed in *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), the Tax Court's independent

---

court.gov/notice.htm, provided at the relevant time that:

> The Court may deny admission to its Bar to, or suspend, or disbar, any person who in its judgment does not possess the requisite qualifications to represent others, or who is lacking in character, integrity, or proper professional conduct. Upon the conviction of any practitioner admitted to practice before this Court for a criminal violation of any provision of the Internal Revenue Code

> or for any crime involving moral turpitude, or where any practitioner has been suspended or disbarred from the practice of his or her profession in any State or the District of Columbia, or any commonwealth, territory, or possession of the United States, the Court may, in the exercise of its discretion, forthwith suspend such practitioner from the Bar of this Court until further order of Court.

inquiry into Krouner's moral fitness afforded him due process of law. *See In re Ruffalo,* 390 U.S. 544, 551–52, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). The Tax Court allowed Krouner to present evidence mitigating the implication that his crimes evidenced an ethical or psychological unfitness to practice before the Tax Court, *see* Tax Court Rule 202, including allowing the late submission of testimony from the Florida proceeding, and the Tax Court then based its disbarment upon its independent evaluation of Krouner's fitness. Although certain conditions may be sufficiently mitigating to overcome the presumptive effect that a federal court must accord a state disbarment under *Selling,* 243 U.S. at 50–51, 37 S.Ct. 377; *see Theard,* 354 U.S. at 282, 77 S.Ct. 1274, Krouner fails to show that he was denied procedural due process. His reliance on *In re Thies,* 662 F.2d 771, 773 & n. 15 (D.C.Cir.1980), where this court vacated a Tax Court order of disbarment predicated "exclusively" upon the state disbarment, is misplaced because the Tax Court's decision was based on an independent assessment of whether the New York proceedings afforded Krouner adequate process. Krouner contends that because the New York Appellate Division did not conduct an independent hearing prior to disbarring him, the Tax Court similarly denied him due process by relying upon the New York disbarment. However, the Tax Court—with the understanding that its actions were governed by *Selling* and *Thies*—inquired into, and allowed Krouner to explain, his guilty pleas. The Tax Court found that "the counts in this case all involved acts of dishonesty that raise questions of integrity and fitness to practice law"; that the criminal proceedings did not indicate any due process defect, and none was claimed by Krouner; and that

Krouner admitted that he was guilty of the crimes and these crimes carried an element of "intent." It also examined the mitigating medical evidence presented by Krouner and "f[ound] [it] unpersuasive and insufficient to mitigate the effects of his guilty plea." Thus, the Tax Court did not repeat the core defect identified in *Thies,* 662 F.2d at 773, but independently inquired into the nature of the criminal activity and circumstances surrounding the guilty pleas, and thus of Krouner's fitness to practice before the Tax Court. Similarly, by independently inquiring into the mitigating effect of evidence identified by Krouner, the Tax Court provided the remedy that the Supreme Court found appropriate in *Theard:* an independent federal court examination of the grounds for disbarment with the understanding that some conditions may be insufficiently serious to indicate unfitness to practice law. *See Theard,* 354 U.S. at 282–83, 77 S.Ct. 1274.

Second, the Tax Court also did not abuse its discretion, or otherwise err so as to require vacatur of the disbarment, in concluding that Krouner was not fit to practice before it. Krouner presents this legal contention in a number of ways, but in the end each fails. For instance, Krouner contends that the Tax Court did not examine the "real conduct" underlying his guilty pleas. He points out that the Tax Court stated that "[c]onduct such as that admitted by Mr. Krouner is a per se violation of the Rules under which practitioners in this Court operate." But the Tax Court's "per se" observation, contrary to Krouner's representations, does not indicate that the Tax Court allowed the fact of his conviction to suffice for his disbarment; rather, it viewed his conviction in the context of any mitigating circumstances and found these circumstances insufficient to avoid disbarment. Although Krouner points to cases where courts have imposed less severe sanctions, this argu-

ment simply seeks to have this court second-guess the Tax Court. Additionally, even assuming that the Tax Court erred in attributing to Krouner knowledge that his guilty pleas would result in his disbarment in jurisdictions outside New York, it would not constitute an abuse of discretion unless the Tax Court rested its decision on this fact, which it did not.