Wade ROBERTSON, Appellant

v.

William C. CARTINHOUR,
Jr., Appellee.

Nos. 11–7026, 11–7076.

United States Court of Appeals,
District of Columbia Circuit.

April 3, 2012.

Rehearing En Banc Denied
May 15, 2012.

Ty Odell Clevenger, Youngkinn &
Burns, PLLC, Bryan, TX, for Appellant.

Wade Robertson, Stanford, CA, pro se.

Michael J. Bramnick, Patrick John
Kearney, Esquire, Selzer Gurvitch Rbain
& Obecny, Chartered, Bethesda, MD, for
Appellee.

Before: BROWN and KAVANAUGH,
Circuit Judges, and GINSBURG, Senior
Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the district court and on the briefs and the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the Judgment of the District Court in favor of William Cartinhour, and that the Order of the District Court denying Wade Robertson's renewed motion for judgment as a matter of law, be affirmed.

Wade Robertson, an attorney, and William Cartinhour, a retired physician, entered into a business partnership in 2004 in order to pursue a securities class action in which Robertson claimed to be involved. Based in part upon Robertson's repeated representations that all was going well with the litigation, even after the case had been dismissed in 2005, Cartinhour contributed $3.5 million to the partnership over the course of several years.* Robertson took over $3.4 million from the partnership through several long-term, interest-free loans he issued to himself, but he lost most of that sum trading in securities for his own account.

A jury found Robertson breached the fiduciary duty he owed Cartinhour as his business partner.** The jury found additionally that Cartinhour was not on inquiry notice of his claims prior to October 28, 2006, and so the statute of limitations had not run when he filed his complaint on October 28, 2009. It also found a release Cartinhour had signed that purported to relieve Robertson of any liability related to the partnership was a product of Robertson's undue influence and therefore unenforceable. Finally, the jury awarded Cartinhour $3.5 million in ordinary damages and $3.5 million in punitive damages.

■ Robertson presents no meritorious argument on appeal. We reject Robertson's initial contention that the partnership agreement permitted all Robertson's actions, including the loans he issued to himself. Under D.C. law, a partnership agreement may not "[e]liminate the duty of loyalty," D.C. CODE § 29–601.04(b)(3) or "[e]liminate the obligation of good faith and fair dealing," § 29–601.04(b)(5). Even if as an abstract matter a loan was a proper form of payment under the partnership agreement, the size and terms of the loans Robertson took from the partnership bore no relation to any services he contributed. The jury therefore had ample evidence with which to conclude Robertson breached the non-waivable duties he owed to Cartinhour as his business partner by reducing the partnership's capital stock almost to nothing as well as by misinforming Cartinhour about the failure of the securities litigation.

■ In addition, Robertson's arguments regarding his affirmative defenses lack merit. Under D.C. law, a claim does not accrue until "the plaintiff has knowledge of (or by the exercise of reasonable diligence should have knowledge of) (1) the exis-

---

* Robertson contributed a mere $3,500 to the partnership, although he alleged he contributed in addition many hours of legal services in conjunction with work on the securities litigation.

** The jury also found Robertson (1) breached the fiduciary duty he owed Cartinhour as his attorney and (2) committed legal malpractice, although Robertson alleges the district court erred in submitting these questions to the jury. Because the breach of fiduciary duty as a business partner provides a sufficient basis upon which to uphold the jury's award, we need not pass upon Cartinhour's additional claims.

tence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Knight v. Furlow,* 553 A.2d 1232, 1234 (D.C.1989). Moreover, "[i]n evaluating the reasonableness of the plaintiff's diligence [in seeking such knowledge], cases from [D.C.] have long taken into account the confidential or fiducial relationship between the plaintiff and defendant." *Diamond v. Davis,* 680 A.2d 364, 376 (D.C. 1996). In light of these precedents, the jury had sufficient evidence to find Cartinhour could not through reasonable diligence have gained knowledge of his injuries before October 28, 2006 because he reasonably relied upon his business partner's repeated representations about the likely success of the class action litigation.

■ As to Robertson's second affirmative defense, we similarly conclude the jury had sufficient evidence with which to find the release was a product of undue influence. Applying D.C. law, we previously stated in *Goldman v. Bequai* that in determining undue influence a jury may consider "the alleged victim's advanced age, mental condition and poor health" as well as whether the plaintiff alleged the defendant owed "additional obligations to see to [the plaintiff's] welfare" because of a fiduciary duty such as the one an attorney owes his client. 19 F.3d 666, 675 (D.C.Cir. 1994). In this case where, in spite of the fiduciary duty Robertson owed Cartinhour as his business partner, Robertson misled the elderly and unhealthy Cartinhour into believing all was "on track" with the litigation well after the case had been dismissed, we have no trouble upholding the jury's finding.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.