Opinion concurring in part and concurring in the judgment filed by Circuit Judge ROGERS.
Concurring opinion filed by Circuit Judge GRIFFITH.
GRIFFITH, Circuit Judge:
Attorneys have duties not only to clients, but to opposing counsel and courts. Because our legal system depends on attorneys working with opponents and abiding by court orders, each court has the “inherent power” to control attorneys’ admission to its bar and their expulsion. In re Echeles, 430 F.2d 347, 349 (7th Cir. 1970).
The United States Tax Court has disbarred Wilfred I. Aka for repeated failures to discharge his duties to the court, clients, and opposing counsel alike. Today we up *32 hold its order, clarifying in the process the basis for our jurisdiction in this case and the proper standard of review.
I
First we must take up the question of whether we have jurisdiction to review the Tax Court’s disbarment orders. Section 7482(a)(1) of the Internal Revenue Code (IRC) gives the federal courts of appeals (aside from the Federal Circuit) jurisdiction to review “decisions” of the Tax Court “in the same manner and to the same extent as decisions of the district courts in civil [bench trials].” 26 U.S.C. § 7482(a)(1). But civil bench trials — in which courts resolve disputes between adverse parties— differ significantly from disbarment proceedings, in which a court exercises its inherent power to police its own bar. See Brooks v. Laws, 208 F.2d 18, 22 (D.C. Cir. 1953) (a district court’s application of its rules to deny someone admission to its bar “is not appealable”). This contrast raises the possibility that Tax Court disbarment orders' — -unlike Tax Court trial orders — fall outside our appellate jurisdiction under the’ IRC.
That concern is reinforced by the only other IRC provision providing hints on what counts as a Tax Court “decision[ ].” In the course of explaining how to determine the date of entry of a “decision of the Tax Court,” this second provision mentions only declaratory judgments and orders specifying how much a taxpayer still owes (i.e., notices of deficiency). 26 U.S.C. § 7459(c). That disbarment orders are neither might further suggest that they are not “decisions of the Tax Court” subject to our review. See Commissioner of Internal Revenue v. Smith Paper, Inc., 222 F.2d 126, 129 (1st Cir. 1955) (reading a precursor to section 7459(c) as enumerating the only Tax Court “decisions” subject to appellate review).
We have rejected that suggestion in an earlier case, however, seeing “no reason to believe that ... § 7459(c) ... in any way meant to limit appellate jurisdiction over ... decisions [of the Tax Court].” InverWorld, Ltd. v. Commissioner of Internal Revenue, 979 F.2d 868, 872 (D.C. Cir. 1992). Instead we have held that section 7482(a)(1) “is the controlling provision” for “appellate review.” Id. Under that section, “finality of the Tax Court’s order [is] the criterion.” Id. Thus, we have jurisdiction to review final Tax Court orders.
And disbarment orders are final. In re Fletcher, 107 F.2d 666, 668 (D.C. Cir. 1939) (labeling them “final orderfe] ... reviewable by appeal”). They are “unequivocal determinations” that take “immediate” effect, leaving no issues unresolved. InverWorld, 979 F.2d at 872. Thus, the Supreme Court has reviewed disbarment orders of circuit courts, see, e.g., In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), and we have reviewed those of our district court, see, e.g., Fletcher, 107 F.2d at 668. Disbarment orders of the Tax Court, whose decisions we review “in the same manner and to the same extent” as those of a district court judge, merit the same treatment. 26 U.S.C. § 7482(a)(1); see InverWorld, 979 F.2d at 872 (exercising jurisdiction over a Tax Court order when a “similar district court decision would be considered final ... because the court has completely disposed of the claim”).
Although we have reviewed Tax Court disbarment orders on previous occasions, see In re Thies, 662 F.2d 771 (D.C. Cir. 1980); Rodriguez v. U.S. Tax Court, 398 Fed.Appx. 614 (D.C. Cir. 2010); Krouner v. U.S. Tax Court, 202 Fed.Appx. 470 (D.C. Cir. 2006), we have not expressly held that we have jurisdiction to do so. Today we confirm that we do.
*33 Another preliminary matter: our court has not settled on a standard of review for such disbarment orders. See Rodriguez, 398 Fed.Appx. 614 (declining to choose between abuse of discretion and de novo review); Krouner, 202 Fed.Appx. at 471 (same).
But long ago, the Supreme Court gave us guidance on that issue, observing in an opinion by Chief Justice Marshall that each court must exercise “discretion” in disciplining members of its own bar because “no other tribunal can decide [such matters] with the same means of information.” Ex parte Burr, 22 U.S. (9 Wheat.) 529, 530, 6 L.Ed. 152 (1824). A reviewing court may thus interfere “only in a plain case,” where the disbarring court’s “conduct was irregular or flagrantly improper.” Id. at 530. Thus, in this appeal from the Tax Court’s disbarment order, we will review the court’s factual findings for clear error. Nonetheless, we will consider de novo .appellant’s argument that the Tax Court violated the ’ Fifth Amendment’s Due Process Clause.
II
Aka challenges the Tax Court’s decision to disbar him and, alternatively, its failure to include in its disbarment order instructions for his reinstatement.
In 2009, Martin Kyere sought Aka’s help in challenging the amount the Internal Revenue Service (IRS) said he owed in unpaid taxes. Aka filed a petition on Kyere’s behalf for redetermination of the IRS’s notice of deficiency, and then failed to appear for a discovery conference, failed to give opposing counsel key documents, failed to show up for trial, and went missing again when the hearing was rescheduled.
When the Tax Court ordered Aka to show cause why he should not be disciplined, he turned down a hearing and offered only a written response. In that response, Aka acknowledged his repeated failures to participate in the litigation, but offered as an excuse his belief that he no longer. represented Kyere in the matter after his client failed to pay him on time. The Tax Court rejected that explanation, noting that even after the missed payment, Aka continued to hold himself out as Kyere’s attorney in conversations with opposing counsel.
Assessing Aka’s behavior against the ABA Model Rules of Professional Conduct and its own practice rules, the Tax Court reprimanded him for failing to provide competent representation (in violation of ABA Model Rule of Professional Conduct 1.1), failing to represent his client with diligence and promptness (against Model Rule 1.3), and failing to communicate with his client (against Model Rule 1.4). It also found that by entering his appearance in a case and then vanishing, Aka violated Model Rules 3.2 (requiring reasonable steps to expedite cases), 3.4 (requiring fairness toward opposing party and counsel), and 8.4(d) (barring conduct prejudicial to the administration of justice). Finally, the Tax Court determined that Aka had engaged in conduct “unbecoming a member of’ its bar, against Rule 202(a)(4) of the Tax Court Rules of Practice and Procedure. Even so, the court stopped short of disbarment, on the grounds that Aka had no prior disciplinary record, showed no bad faith, and was cooperative in its disciplinary proceedings.
Only three years would pass, however, before the Tax Court again ordered Aka to show cause why he should not be disciplined, this time for misconduct in seven other cases. Again the Tax Court accused him of missing hearings, ignoring opposing counsel’s requests for documents and conferences, and disregarding court orders, all *34 in violation of its practice rules and the ABA Model Rules of Professional Conduct. Again the court gave him an opportunity to make his case. The court first extended by more than three months the time period allowed for Aka to respond to its show-cause order, a period in which Aka submitted three written documents. The court also held a disciplinary hearing at which Aka appeared with counsel and provided testimony. These written and oral submissions were discussed in detail by the Tax Court in its memorandum suborder, but again the court found that Aka disputed no material facts but only blamed his clients. The court also noted that even if Aka was right that his clients had hampered his work on their behalf, he was still at fault for shirking his duties to opposing counsel and the court itself. As it also observed, “[t]he fact that Mr. Aka’s failures are chronic and extend over the entire period that he has been admitted to this Bar, continuing even after his most recent disciplinary hearing, compel us to conclude that they are done knowingly.” Supp’l App. at 27. The Tax Court thus disbarred Aka for violating its orders and rules, this time willfully, and a month later denied his motion to vacate or modify its disbarment order.
Now Aka asks us to vacate that disbarment order or, alternatively, to compel the Tax Court to offer steps he could take to be reinstated to its bar.
In Aka’s telling, the Tax Court’s failure to propose a plan for his reinstatement robbed him of due process in violation of the Fifth Amendment; and that court’s decision to disbar him deprived him of substantive due process. Neither claim succeeds.
First, Aka offers no legal authority for his contention that the Tax Court violated his due-process rights. Due process requires a court pursuing disbarment to give attorneys fair notice and a chance to be heard, and to follow its published rules for disbarment proceedings. Ruffalo, 390 U.S. at 550, 88 S.Ct. 1222; In re Bird, 353 F.3d 636, 638 (8th Cir. 2003). The Tax Court did so here; Aka does not deny that. He claims instead that the court deprived him of due process by failing to lay out steps for his reinstatement. Due process does not require such guidance, however, and Aka cites no authority to show that it does. Besides, the Tax Court has in fact published general conditions for reinstatement to its bar. Its rules instruct attorneys to show by clear and convincing evidence that their reinstatement “will not be detrimental to the integrity and standing of the Court’s bar or to the administration of justice, or subversive of the public interest.” Tax Ct: R. 202(f)(2)(B).
Second, Aka contends that the Tax Court denied him substantive due process by, for example, disbarring him absent evidence that he had.committed any crime. But substantive due process protects “fundamental” liberties that are “deeply rooted in this Nation’s history and tradition and implicit in the concept of ordered liberty.” Washington v. Glucksberg, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Under this banner, the Supreme Court has protected certain interests related to sexuality, marriage, and faihily life. Thus, it has relied on due process to enforce parents’ right to shape their children’s education, Pierce v. Soc’y of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); individuals’ right to use contraceptives, Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); a woman’s right to end a pregnancy, Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 849-851, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992); and a same-sex couple’s right to engage in sexual relations, Lawrence v. Texas, 539 U.S. 558, 565-67, *35 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), and form a civil marriage, Obergefell v. Hodges, - U.S. -, 135 S.Ct. 2584, 2599, 192 L.Ed.2d 609 (2015).
It is impossible to wrench from these cases a substantive due process right to bar membership or against unduly harsh disbarment. Indeed, Aka’s substantive due process claims are so “completely devoid of merit” that they do not trigger our jurisdiction to consider claims made under federal law. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).
Thus, neither procedural nor substantive due process provides a basis for reversing the Tax Court’s order.
Ill
We affirm the Tax Court’s disbarment order, and decline to order it to propose additional steps for Aka’s reinstatement.

It is so ordered.