# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-5215**                              **September Term, 2021**

FILED ON: FEBRUARY 11, 2022

IN RE: WADE ROBERTSON,

WADE ROBERTSON,
                                    APPELLANT

v.

COMMITTEE ON GRIEVANCES FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA,
                                    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-mc-00136-UNA)

Before: SRINIVASAN, *Chief Judge*, MILLETT, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, as well as on the briefs of the parties. We have accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

Wade Robertson was disbarred by the State of California for engaging in a scheme to defraud a client and abusing the litigation process. The United States District Court for the District of Columbia then reciprocally disbarred him. In this appeal, Robertson contends that the district court erred by overlooking purported constitutional deficiencies in his California disciplinary proceedings. Finding no merit to those arguments, we affirm.

1

**I**

This case began when Wade Robertson met William C. Cartinhour, Jr. in 2004. *Robertson v. Cartinhour*, 475 F. App'x 767, 768 (D.C. Cir. 2012). At that time, Robertson claimed to be involved in a putative class action against Credit Suisse in the United States District Court for the Southern District of New York. *Id.*; *see generally In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566 (S.D.N.Y. 2005). Robertson solicited significant funds from Cartinhour—eventually amounting to $3.5 million—for the ostensible purpose of financing that litigation. *Id.* But instead of using Cartinhour's funds for that purpose, Robertson invested the money in the stock market and lost "most of that sum." *Id.* Worse still, of the $3.5 million that Cartinhour invested, $2.5 million was given to Robertson after the Southern District of New York had dismissed the Credit Suisse action with prejudice. J.A. 2040, 2043 (Decision of the State Bar Court of California). While the dismissal order was pending before the Second Circuit, Robertson failed to inform Cartinhour about the precariousness of the litigation. Instead, he solicited still more money, telling Cartinhour that the case would be "wildly successful." J.A. 2042 (Decision of the State Bar Court of California); *see also Tenney v. Credit Suisse First Boston Corp., Inc.*, No. 05-2430, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006) (affirming the dismissal of the Credit Suisse action).

From 2006 through 2009, Cartinhour's suspicions grew as Robertson increasingly fell silent about the status of the litigation. J.A. 2044–2046 (Decision of the State Bar Court of California). After Cartinhour, in 2009, made clear that he wanted his money back, Robertson filed suit in the United States District Court for the District of Columbia seeking a "judgment declaring Cartinhour's obligations to release, hold harmless, and indemnify Robertson" notwithstanding the lost funds. *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 68 (D.D.C. 2010). Cartinhour countersued for, among other things, legal malpractice and breach of fiduciary duty. *Id.* at 68–69.

A jury found in favor of Cartinhour and awarded him $7 million in compensatory and punitive damages. Judgment on the Verdict for Defendant/Counter-Plaintiff William C. Cartinhour, Jr., *Robertson v. Cartinhour*, No. 09-cv-1642 (D.D.C. Feb. 25, 2011). This court affirmed, concluding that, "in spite of the fiduciary duty Robertson owed Cartinhour as his business partner, Robertson misled the elderly and unhealthy Cartinhour into believing all was 'on track' with the litigation" when, in fact, "the case had been dismissed[.]" *Robertson*, 475 F. App'x at 769.

Robertson then filed a series of cases in an effort to avoid that judgment. With an "agenda to interfere with the judgment obtained by Cartinhour[,]" Robertson sought bankruptcy protection "in extreme bad faith." *In re W.A.R. LLP*, No. 11-00044, 2012 WL 1576002, at *1, *10–11 (Bankr. D.D.C. May 4, 2012). And in an attempt to "nullify the jury's findings," Robertson brought a civil RICO action against Cartinhour and his attorneys in the Southern District of New York. *Robertson v. Cartinhour*, 867 F. Supp. 2d 37, 50 (D.D.C. 2012). That lawsuit was transferred to the United States District Court for the District of Columbia, where it was dismissed for a number of reasons, including res judicata. *Id.*

In each of those actions, the courts imposed monetary and non-monetary sanctions on Robertson and his attorneys for undertaking frivolous litigation. *See, e.g.*, *Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 124 (D.D.C. 2012) (describing sanctions in the bankruptcy proceedings); *id.* at 132 (imposing sanctions in the RICO action); *Robertson v. Cartinhour*, 867 F. Supp. 2d at 44 & n.8 (describing the sanctions Robertson earned "for frustrating proceedings and imposing unnecessary costs on Cartinhour").

Meanwhile, Cartinhour's attorneys filed complaints against Robertson with the California Bar. J.A. 1160–1162 (letters from Cartinhour's attorneys to the California Bar). In December 2012, the Bar charged Robertson with numerous violations of California's Business and Professions Code. J.A. 1173–1191 (Notice of Disciplinary Charges issued by the State Bar Court of California to Robertson). Over the course of a nine-day trial before the State Bar Court, Robertson defended on the theory that Cartinhour was schizophrenic and, as a result, his testimony at trial in the initial District of Columbia action was necessarily unreliable or false as a matter of law. To that end, he offered expert testimony on schizophrenia and examined one of Cartinhour's attorneys at length. J.A. 1896–1910, 1501–1680. The State Bar Court was unpersuaded and concluded that Robertson, among other things, had defrauded Cartinhour, misappropriated client funds, and abused the litigation process. It recommended that Robertson be disbarred. J.A. 2034–2061 (Decision of the State Bar Court of California).

Robertson appealed the State Bar Court's decision to the State Bar Court Review Department, which affirmed. J.A. 2132–2133 (Decision of the State Bar Court Review Department) ("Given [Robertson's] grave misconduct, including a massive misappropriation unprecedented in this court, and his utter lack of remorse, we conclude disbarment is necessary to protect the public, the courts, and the legal profession."). Based on its review of the record and the State Bar Court recommendation, the California Supreme Court ordered Robertson disbarred.

Robertson subsequently sued in federal court to enjoin his disbarment "on a myriad of grounds." *See Robertson v. Honn*, No. 17-cv-01724, 2018 WL 2010988, at *1 (N.D. Cal. April 30, 2018), *aff'd*, 781 F. App'x 640 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 358 (2020), *reh'g denied*, 141 S. Ct. 948 (2020). All of them failed. *See id.*

A number of jurisdictions then reciprocally disbarred Robertson. *See, e.g.*, Order, *In re Wade Robertson*, No. 16-80177 (9th Cir. May 18, 2018); Order Denying Motion to Vacate, *In re Robertson*, No. 13-mc-80207 (N.D. Cal. Nov. 14, 2013); Order of Suspension, *In re Robertson*, No. 17-mc-1616 (S.D. Cal. June 26, 2019).

In 2018, the District Court for the District of Columbia temporarily suspended Robertson and issued an order to show cause why he should not be disbarred under its Local Civil Rule 83.16. Temporary Suspension and Show Cause Order, *In re Robertson*, Attorney Grievance No. 17-07 (D.D.C. May 30, 2018). That Rule provides for reciprocal disbarment when a member of the court's bar is disbarred in another jurisdiction. After reviewing Robertson's response and the record before it, the district court reciprocally disbarred Robertson, finding no basis for relieving

Robertson of that consequence. Final Order of Reciprocal Discipline and Denial of Stay, *In re Robertson*, Attorney Grievance No. 17-07 (D.D.C. Nov. 27, 2018).

Robertson filed a timely notice of appeal.

## II

We have jurisdiction over disbarment orders of the district court under 28 U.S.C. § 1291. *In re Fletcher*, 107 F.2d 666, 668 (D.C. Cir. 1939); *see also Aka v. United States Tax Court*, 854 F.3d 30, 32 (D.C. Cir. 2017). We review the district court's factual findings for clear error and questions of law *de novo*. *Aka*, 854 F.3d at 33.

### A

A federal district court has the inherent authority to discipline the members of its bar for misconduct, including by disbarment. *Aka*, 854 F.3d at 31. Courts may impose sanctions directly when they independently find that misconduct has occurred, or they can impose what is called "reciprocal discipline" when an attorney has been suspended or disbarred from practice in another jurisdiction. *In re Zdravkovich*, 634 F.3d 574, 577–578 (D.C. Cir. 2011). In the United States District Court for the District of Columbia, an attorney "suspended for more than 30 days or disbarred by another court" is subject to "the identical discipline" in the District. D.D.C. Civ. R. 83.16(c)(1)–(2); *see generally id.* 83.16(c)(1)–(5) (describing the substantive and procedural rules governing reciprocal discipline). There are exceptions, though. *See* D.D.C. Civ. R. 83.16(c)(4)(i)–(iv). For example, reciprocal discipline would not be warranted if the district court finds that, on "the face of the record on which the discipline by the other court is predicated[,] it clearly appears" either that (1) the other court's "procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process[,]" or (2) the proof "establishing the misconduct" on which the other court relied "gives rise to a reasonable doubt that this Court could not, consistent with its duty, accept as final the conclusion of the disciplining court[.]" *Id.* 83.16(c)(4).

On appeal, Robertson claims that the district court erred by failing to apply those exceptions. First, he argues that his California disbarment proceedings were riddled with due process errors. *See* D.D.C. Civ. R. 83.16(c)(4)(i). Second, he contends that there was insufficient proof for the California authorities to find that he committed misconduct because Cartinhour's testimony at the underlying malpractice trial was false. *See id.* 83.16(c)(4)(ii). Neither argument has any merit.

### B

As to Robertson's argument that he was denied due process in the California Bar proceedings, the question before the district court was whether the record of that disbarment proceeding, on its face, was "lacking in notice or opportunity to be heard[.]" D.D.C. Civ. R. 83.16(c)(4)(i). It most certainly was not.

As the district court correctly recognized, the record from the California Bar proceedings plainly demonstrates that Robertson had ample notice of the charges against him. *See* J.A. 2035 (Decision of the State Bar Court of California) ("The [State Bar] initiated this proceeding by filing a Notice of Disciplinary Charges (NDC) on December 5, 2012. On January 28, 2013, respondent filed a response to the NDC.")

The record also shows that Robertson was fully heard. He filed multiple briefs, presented oral arguments, and called witnesses. *See, e.g.*, J.A. 2035 (Decision of the State Bar Court of California) (describing the procedural history of the case). That amply satisfied the Local Rule's requirement that he have been afforded an opportunity to be heard. *See* D.D.C. Civ. R. 83.16(c)(4)(i).

Robertson nevertheless insists that the state authorities committed four constitutional errors. He is incorrect.

First, Robertson contends that the California Supreme Court violated due process by issuing a summary order that made no findings of fact. Not so. The State Bar Court and the State Bar Court Review Department issued lengthy and carefully reasoned written explanations, replete with suggested factual findings and legal analysis, recommending Robertson's disbarment. Due process did not require the California Supreme Court, on review, to remake those same factual findings or reiterate those reasons when it adopted the recommendations of the State Bar Court and the Review Department. *See In re Rose*, 993 P.2d 956, 960 (Cal. 2000) ("[T]he due process clause does not require that we * * * issue a written opinion before denying an attorney's petition for review of a State Bar Court decision recommending disbarment or suspension."); *see also Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 564–565 (9th Cir. 1990).

Second, Robertson argues that he was denied the opportunity to present evidence and cross-examine adverse witnesses sufficiently. We have not decided whether and to what extent due process entitles attorneys to call and cross-examine witnesses in disciplinary proceedings, and we need not do so in this case. The State Bar Court, consistent with California law, afforded Robertson ample opportunity to take relevant testimony and to confront adverse witnesses. *See* Cal. Bus. & Prof. Code § 6085(d).

Robertson errs, in particular, in arguing that he was not given an adequate opportunity to show that (1) Cartinhour's testimony at the initial malpractice trial was unreliable because he had received treatment for schizophrenia at certain times in his life, and (2) Cartinhour's attorneys committed fraud by failing to reveal this treatment history. In fact, Robertson was able to present extensive evidence in support of both of those theories. Over the nine-day trial, he examined Cartinhour's attorney at length, introduced Cartinhour's medical records, and put an expert on schizophrenia on the stand. Due process did not require the State Bar Court to allow additional testimony that would have been marginally relevant, cumulative, or harassing. *See In re Peters*, 642 F.3d 381, 389 (2d Cir. 2011); *cf. Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Third, Robertson argues that the State Bar Court and the California Supreme Court acted

without subject matter jurisdiction by considering Robertson's misconduct in the District of Columbia litigation. That is wrong. The California Rules of Professional Conduct provide that "[a] lawyer admitted to practice in California is subject to the disciplinary authority of California, regardless of where the lawyer's conduct occurs." Cal. R. Pro. Conduct 8.5(a).

Finally, Robertson argues that the California Supreme Court's disbarment decision denied him substantive due process. That argument is meritless. To begin with, there is no "substantive due process right to bar membership or against unduly harsh disbarment." *Aka*, 854 F.3d at 35. On top of that, Robertson has completely failed to identify any aspect of his disbarment process that "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952). He contends that the California Bar authorities "knowingly rel[ied] upon the use of perjurious and fraudulent testimony and evidence[.]" Robertson Br. 43. But that claim just repackages his argument that Cartinhour's trial testimony has to be disbelieved because of his medical treatment in the past for schizophrenia. We are not the first court to find this theory legally wrong and profoundly unconvincing. *See Robertson*, 2018 WL 2010988, at *1 (rejecting as "scurrilous" Robertson's claim that Cartinhour suffered from a "'undisclosed serious mental illness'" during the trial).

## C

As to the amount and quality of proof in the disciplinary proceeding, the district court would have declined to impose reciprocal discipline if "it clearly appear[ed] that proof establishing the misconduct [gave] rise to a reasonable doubt" that the court could responsibly "accept as final the conclusion of the disciplining court[.]" D.D.C. Civ. R. 83.16(c)(4)(ii). Robertson fails to demonstrate any defect of proof in the California disciplinary proceedings, let alone one of that magnitude.

Robertson offers once again his overworked claim that Cartinhour's testimony was false and unreliable as a matter of law. It gets no better with repetition. In any event, the only issue before the district court was whether there was enough evidence adduced at the *California disciplinary proceeding* for Robertson's disbarment to be accepted as final. The State Bar Court recommended numerous factual findings about Robertson's misconduct that did not depend upon Cartinhour's original testimony. *See, e.g.*, J.A. 2042 (describing false statements Robertson made to Cartinhour in a letter); J.A. 2048 (describing some of Robertson's improper litigation tactics). There was more than enough evidence of Robertson's misconduct for the district court to reciprocally disbar him.

## D

Robertson's final claim is that the district court improperly failed to make findings of fact in its reciprocal discipline order. That argument goes nowhere. "[M]any courts, including the Supreme Court, use summary-type orders for the imposition of reciprocal discipline." *In re Gouiran*, 58 F.3d 54, 58 (2d Cir. 1995).

In any event, the district court here gave much more than that, providing "the basis and

6

justification for the imposition of discipline[,]" *Gourian*, 58 F.3d at 58, when it found that none of the local rule's exceptions to the presumption of reciprocal discipline applied in this case. Given the extensive record before it and the multiple reasoned decisions of other disciplinary bodies, the district court reasonably concluded that enough has been said on Robertson's tired and deeply flawed claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk